UNITED STATES BANKRUPTCY COURT NORTHERN

ILLINOIS EASTERN DIVISION

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUL 1 3 2021

JEFFREY P. ALLSTEADT, CLERK
INTAKE 1

| | |
|---|---|
| IN RE : KALID JAMA | ) Chapter 13 |
| | ) Case No. 19-35595 |
| Debtor, | ) Honorable David D. Cleary |
| | ) Meeting Id is 1611226457 |
| | ) Pass code is Cleary W14 |
| | ) |

**DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF REOPENING CASE INSTANTER**

NOW COMES the Debtor, submits his Memorandum of Law in support of Reopening his Chapter 13 case and **under Section 350 (b) of the Bankruptcy Code and Bankruptcy Rules 5010, 9024.** In support of his Memorandum of Law Debtor Kalid Jama states as follows:

## BACKROUND

1. On December 28th, 2019, the Debtor Kalid filed a Voluntary Chapter 13 bankruptcy Petition, subsequently bankruptcy Case was Closed on January 6th 2020.

2. Section 350 (b) of the Bankruptcy Code provides that a case may be reopened in the Court which such case was closed to administer assets, to accord relief to the debtor, or other case. 11 U.S.C. 350 (b). A party seeking relief from an order closing a Chapter 13, may do so pursuant to Bankruptcy Rule 5010 and 9024, which implement Rule 60 of the Federal Rules of Civil Procedure.

## RULE 5010 REOPNING CASES

3. A case may be reopened in a Chapter 7, 12, or 13 case a trustee shall not be appointed by the United states trustee , unless the Court determines that a trustee is necessary to protect the interest of creditors and the debtor or insure efficient administration.

4. However , the decision to reopen case is within discretion of the court , and merely granting a motion to reopen does not afford substantive relief but simply provides the opportunity to request further relief. See Chalasani, F.3d. at 1307-08. See also, In re Wilson B.R. 103, 105 Bankr. E.D. Mich, 2014.

5. In using its discretion to grant such a motion, " **the bankruptcy court should exercise its equitable powers with the respect to substance and not technical considerations that will prevent substantial justice."** Stark v. St. Mary's Hospital ( In re Stark ), 717 F. 2d. 322, 323 (7th Cir. 1983).

6. In re Hood 44 B.R. 775, 12 Bankr. Ct. Dec. (CRR) 507, the bankruptcy court permitted the debtor to reopen his no-asset case and add a previously unscheduled debt so that the debtor' discharge might extend the creditor's claim. The court noted that there was no evidence of fraud or carelessness on the part of the debtor , since the debtor was not even aware of the creditor's lawsuit until after the discharge . See also in re Mohammed, 536 B.R. 351 (Bankr. E.D. N.Y. 2015).

7. In Matter of Stark, 41 B.R. 379, 12 Bankr. Ct. Dec. (CRR) 123, 9 Collier Bankr. Cas. 2d. (MB) 79 (Bankr. W.D. Mo. 1984), the Seventh Circuit also permitted discharged Chapter 7 debtor to reopen their case and add an omitted creditor to their schedules when there was no evidence of fraud underlying the omission.

8. When the closed case is a no-asset case , most courts grant the debtor's motion to reopen on the ground that there is no prejudice to creditor from permitting the debtor to reopen the case and amend the schedules. See In re Candelaria, 121 B.R. 140, 144, 21 Bankr. Ct. Dec. (CRR) 162,

**WHEREFORE**, the Debtor Kalid Jama prays this Honorable Court, for entry of an Order (1) An Order granting Debtor leave to Reopen Chapter 13 Case Instanter (2) and any other relief this Court finds just and necessary

                                               Respectfully submitted

By   _____

                                                   Kalid Jama

Kalid Jama

9904 South Wallace Street

Chicago, IL 60628